Hope Del Carlo, OSB #002410
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
hope@elemental.law
Tel: 503-789-7372
Fax: 503-345-6655

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

WILLIAM McGAIR,

                Plaintiff,

v.

SOLGEN POWER LLC and VERITY CREDIT UNION,

                Defendants.

**COMPLAINT** (Truth in Lending Act, Oregon Unlawful Trade Practices Act, Oregon Home Solicitation Sales Act)

DEMAND FOR JURY TRIAL

_____

## INTRODUCTION:

1.

This is a consumer protection case arising from the defendants' fraudulent door-to-door sale of residential solar power equipment and related financing. Solgen Power LLC's sales staff solicited the plaintiff at his home in February 2022, and, in the process, committed him to a transaction that he thought was still being negotiated. Verity Credit Union provided financing for

1 – COMPLAINT

the transaction though it is not registered with the state of Oregon as an interstate credit union and Mr. McGair does not qualify to be a member of the credit union.

He seeks to cancel the sale and financing under the Oregon Home Solicitation Sales Act, and to collect damages for violations of the Truth in Lending Act and the use of his personal information to borrow money on a credit line opened by Verity Credit Union without his knowing approval of the sale or financing.

JURISDICTION

2.

This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337. Jurisdiction over claims brought under the Truth in Lending Act is authorized and instituted under 15 U.S.C. § 1640(e). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to the federal claims that they form part of the same case or controversy. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

PARTIES

3.

Plaintiff William McGair ("Mr. McGair") is a natural person and a resident of Multnomah County, Oregon. He lives and owns in the house located at 3105 N. Holman St., Portland, Oregon 97217, which is and has been at all times material to this action his principal residence.

4.

Defendant Solgen Power LLC ("Solgen"), is a Washington Limited Liability Company doing business in Oregon.

2 –COMPLAINT

5.

Defendant Verity Credit Union ("Verity") is a credit union chartered by the state of Washington. ORS 723.006 defines a credit union as, "a cooperative, nonprofit association, incorporated under the laws of this state, for the purposes of encouraging thrift among its members, creating a source of credit at a fair and reasonable rate of interest and providing an opportunity for its members to use and control their own money in order to improve their economic and social condition." In information and belief, Verity does not have approval from the Director of the Oregon Department of Consumer and Business Services to do business as a credit union in this state, as contemplated by ORS 723.042(2).

6.

At all times relevant to this action, defendants regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making defendants creditors under the Truth in Lending Act ("TILA"), 15 USC § 1602(g) and Regulation Z, 12 CFR § 1026.2(a)(17).

FACTUAL ALLEGATIONS

7.

Solgen solicited sales of its solar power generating equipment door-to-door in Mr. McGair's Portland neighborhood in early 2022. Mr. McGair was interested in purchasing a solar power system and obtained information from the salesperson who came to his door on or about February 4, 2022, about his options.

///

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-789-7372 Fax: 503-345-6655

8.

Solgen's sales agent told Mr. McGair that Solgen would create a design document for his review that would disclose exact system specifications and the price. After creation of the design document, Mr. McGair was told he would be able to decide whether to continue with the project.

9.

In the process of negotiating with Solgen, Mr. McGair electronically signed documents on an iPad the salesperson had brought with him. He was not given paper copies of the documents at any time, or a chance to read and understand what he was signing electronically when the salesperson was at his home. Solgen's door-to-door salesperson told Mr. McGair that the electronic documents he was e-signing would enable a lender to qualify him for a loan and continue with the "next steps in the process." Because it took place at his home and not the seller's place of business, the transaction was subject to Oregon's Home Solicitation Sales Act, ORS 83.730.

10.

The salesperson told Mr. McGair that he was applying to qualify for a line of credit, but he did not tell Mr. McGair that he was committing himself to the purchase of the system when he e-signed documents on Feb. 4, 2022. Instead, the salesman told him that the dollar amounts in the electronic forms were disclosing the maximum amount he was qualifying to borrow. Unknowingly, he electronically signed a 49-page set of documents that included disclosures he was not given the time or space to read, and a retail installment sales contract that committed him to purchase the solar equipment for $36,218.18, which was financed by a loan made by Verity to Mr. McGair at 3.99%. The contract is consumer paper subject to the Federal Trade Commission's

4 – COMPLAINT

Holder Rule, 16 CFR Part 433, which makes the current holder, in this case liable to Mr. McGair for all claims and defenses he could assert against the seller.

11.

Solgen never sent Mr. McGair a proposed design document. Instead, took a draw on the Verity loan in Mr. McGair's name for the full purchase price of $36,218.18. Solgen began installing the system on Mr. McGair's home, where it remains unfinished. The system has not been fully installed and permitted and it is not operating.

12.

Verity is a Washington-chartered credit union. Verity's field of membership includes people who live, work, or worship in the state of Washington; Mr. McGair does not meet any of these requirements. Solgen knew that he did not qualify to be a Verity credit union member because it solicited Mr. McGair at his home in Portland. Solgen completed membership and financing paperwork for Mr. McGair that stated otherwise without his knowledge or consent. Mr. McGair did not actually see electronic versions of the transaction documents and disclosures he signed until months later.

13.

The consumer disclosures that Verity and Solgen provided to Mr. McGair are inaccurate and non-compliant in a number of respects. Specifically:

a.) The Truth in Lending Disclosures provided inaccurately disclose the APR, the Finance Charge, the Amount Financed, and the Total of Payments for the financing that Verity provided to Solgen in Mr. McGair's name, and do not identify the name and address of the creditor.

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-789-7372 Fax: 503-345-6655

b.) The notice provided to Mr. McGair under the Oregon Home Solicitation Sales Act of his right to cancel the transaction does not comply with Oregon law because it does not contain the following disclosure of his rights: "If you make the goods available to the seller at your residence and the seller does not pick up the goods within 20 days of the date of your notice of cancellation, you may keep or discard the goods without further obligation," in violation of ORS 83.730(3).

14.

Through his attorney, Mr. McGair mailed notice of his election to cancel the transaction to Verity and Solgen on or about August 30, 2022. As of the date of filing, neither defendant has picked up the equipment, indicated that the contract is cancelled, or otherwise signaled its willingness to comply with his cancellation.

15.

Defendants used a voided check to set up automatic withdrawals from Mr. McGair's checking account. On Aug. 3, 2022, Verity deducted a payment of $106.90 from Mr. McGair's account; on Sept. 3, 2022, it deducted $122.73; on Oct. 5, 2022, it deducted $118.78 on Nov. 7, 2022, it deducted $122.73; and on Dec. 5, 2022, it deducted $118.78. At that point, Mr. McGair asked his bank to block Verity's continued automatic withdrawals from his account and no further payments were made.

FIRST CLAIM FOR RELIEF--Truth in Lending Act

16.

Plaintiff re-alleges and incorporates the foregoing paragraphs here.

///

6 –COMPLAINT

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-789-7372 Fax: 503-345-6655

17.

The loan defendants made to plaintiff was a consumer transaction; defendants are creditors under the Truth in Lending Act.

18.

Defendants violated the requirements of the Truth in Lending and Regulation Z by failing to accurately disclose the identity and address of the creditor, amount financed, annual percentage rate, finance charge, total of payments, and total sale price of the loan it approved in violation of 15 U.S.C. 1638(a) and Reg. Z § 1026.18.

19.

As a result of defendants' failure to provide the required accurate disclosures to Mr. McGair, defendants are liable to him for:

A. Actual damages of the amount the creditor claims Mr. McGair owes it plus payments Mr. McGair has made on the loan, at a minimum amount of $36,218.18;

B. Statutory damages of up to $2000.00, and,

C. Reasonable attorney fees and costs pursuant to 15 USC § 1640(a)(3).


SECOND CLAIM FOR RELIEF--OREGON UNLAWFUL TRADE PRACTICES ACT, ORS 646.605, *et seq.*

20.

Plaintiff re-alleges and incorporates the foregoing paragraphs here.

21.

The financed sales transaction at issue in this case was made for Mr. McGair's personal, family, or household purposes.

7 –COMPLAINT

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-789-7372 Fax: 503-345-6655

22.

Solgen engaged in the following actionable misrepresentations or omissions about the

nature and qualities of the solar panel equipment sale and loan made to plaintiff in violation of

ORS 646.608(e) and (k):

1.)  Misrepresented that the configuration and price of the solar power system would be

quoted to Mr. McGair before he was committed to the purchase or financing, when the

documents Solgen had Mr. McGair sign at his door on an iPad actually committed him to the

sale and a purchase price of $36,218.18.

2.) Misrepresented in documents transmitted to Verity that Mr. McGair qualified for

membership in the credit union and consented to borrow money from Verity to finance the

purchase of the solar equipment when he does not qualify and did not consent.

23.

Plaintiff has suffered ascertainable loss in the form of the payments withdrawn from his

account and the ongoing purported contractual liability to Verity for a loan he did not knowingly

consent to, the exact amount of which will be proven at trial.

24.

Defendants acted with reckless and outrageous indifference to a highly unreasonable risk

of harm, warranting an award of punitive damages to be proven at trial.


THIRD CLAIM FOR RELIEF--OREGON HOME SOLICITATION SALES ACT

CANCELLATION, ORS 83.730

25.

Plaintiff re-alleges and incorporates the foregoing paragraphs here.


8 –COMPLAINT

26.

The transaction at issue in this case was subject to the Oregon Home Solicitation Sales Act's cancellation right, which required the defendants to give him disclosure of his unqualified right to cancel the loan in the form required by ORS 83.730(1). The cancellation notice given did not comply, therefore Mr. McGair's right to cancel the transaction extended to "midnight of the third business day after the day on which the buyer signs an agreement or offer to purchase that complies with ORS 83.710." ORS 83.720(1).

27.

Plaintiff exercised his extended right to cancel the transaction by sending a letter to defendants through his attorney on or about August 30, 2022. Defendants have not refunded his payments, cancelled and returned the loan agreement to him, or made a demand for or taken any steps to pick up the equipment, which is available at Mr. McGair's home for them to reclaim.

28.

Under ORS 83.750, as defendants have failed to demand possession of the equipment within a reasonable time after his cancellation, the system has become Mr. McGair's property without further obligation to pay for either the goods or the installation services rendered so far.

PRAYER FOR RELIEF:

WHEREFORE, plaintiff prays for:

I.  On the First Claim for Relief (Truth in Lending Act):

A. Actual damages of the amount the creditor claims Mr. McGair owes it plus payments he has made, in a minimum amount of $36,218.18, the exact amount to be proven at trial, together with prejudgment interest;

9 –COMPLAINT

B. Statutory damages of up to $2000.00, and;

C. Reasonable attorney fees and costs pursuant to 15 USC § 1640(a)(3).

2.  On the Second Claim for Relief (Oregon Unlawful Trade Practices Act):

A.  Economic damages including payments made to defendants and the continuing loan obligation they maintain that he owes, in a minimum amount of $36,218.18, the exact amount to be proven at trial, together with prejudgment interest;

B. Reasonable attorney fees pursuant to ORS 646.641(2);

C.  Punitive damages.

3.  On the Third Claim for Relief (Oregon Home Solicitation Sales Act):

A. A court order declaring that the Retail Sales Agreement for the solar equipment and the financing agreement with Verity have been cancelled and are void, and that Mr. McGair owns the solar equipment free and clear of all liens and encumbrances without further obligation to pay anything to the defendants.

JURY DEMAND:

Plaintiff hereby demands trial by jury.

Respectfully submitted this 2nd day of February, 2023.

_/s/ Hope Del Carlo_____
Hope Del Carlo, OSB #002410
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
hope@elemental.law
Tel: 503/789-7372
Fax: 503/345-6655

Attorney for Plaintiff

10 –COMPLAINT