Douglas E. McKinley, Jr., *Pro Hac Vice*
Attorney At Law
8350 W Grandridge Blvd, Ste 200-431
Kennewick, WA 99336
doug@mckinleylaw.com
phone 509-628-0809
fax 509-392-8083

Christopher R. Blodgett, OSB No. 226732
Leavy Schultz Davis
2415 W Falls Ave
Kennewick, WA 99336
cblodgett@tricitylaw.com
phone 509-736-1330
fax 509-736-1580

Attorneys for Defendants
SOLGEN POWER LLC
VERITY CREDIT UNION

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| WILLIAM MCGAIR, | |
| Plaintiff, | Case No. 3:23-cv-00162-HZ |
| vs. | DEFENDANT'S MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. (12)(b)(6) |
| SOLGEN POWER LLC, et al., | |
| Defendants. | |

TO:     CLERK OF COURT
AND TO: PLAINTIFF

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO Fed. R. Civ. P. (12)(b)(6)    1    Douglas E. McKinley, Jr.
Attorney At Law
8350 W Grandridge Blvd, Ste 200-431
Kennewick, WA 99336
phone 509-628-0809, fax 509-392-8083

LR 7-1 – CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7-1(a), counsel for defendants Solgen Power, LLC ("Solgen") and Verity Credit Union (Verity) certifies that he conferred with plaintiff's counsel by telephone and that the parties were unable to resolve the issues raised within this motion.

MOTION

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants, Solgen Power, LLC ("Solgen") and Verity Credit Union (Verity) move this Court for an order dismissing plaintiff's complaint on the grounds that he has failed to state a claim upon which relief may be granted, dismissing each of his individual claims for relief, and further dismissing the basis for at least one of his prayers for relief.

MEMORANDUM

I. **Summary of Argument.**

McGair's complaint is fatally flawed because, if taken as true, McGair's allegations establish that there was never any agreement between the parties. McGair alleges that he did not understand that he was signing a contract, that he did not intend to sign a contract, and that he neither read nor understood the documents that formed a contract. Accepting McGair's allegations as true, there was no meeting of the minds, no mutual assent, no consideration, no acceptance of any offer, and therefore, under Oregon law, there was no contract between the Parties. Absent a contract between the Parties, there can be no violations of Mr. McGair's first and third claims for relief; under the Truth in Lending Act and the

DEFENDANT'S MOTION TO DISMISS  
PURSUANT TO Fed. R. Civ. P. (12)(b)(6)   2

Douglas E. McKinley, Jr.  
Attorney At Law  
8350 W Grandridge Blvd, Ste 200-431  
Kennewick, WA 99336  
phone 509-628-0809, fax 509-392-8083

Oregon Home Solicitation Sales Act, respectively, because the existence of a binding contract is a predicate requirement for a violation of each of these statutes. The Complaint further fails to articulate conduct that is prohibited by Mr. McGair's second claim for relief, under the Oregon Unlawful Trade Practices Act, and should be dismissed on that basis. Finally, the Complaint requests relief for a judgement of damages to include a free solar system, cancellation of the requirement that Mr. McGair pay for the system, and a money judgment on top of those remedies for the value of the system. Those remedies are unavailable under the relevant statutes, and the Defendants respectfully request that at least one of those remedies be stricken.

## II. Relevant Facts.

The pertinent factual portions of Mr. McGair's complaint are paragraphs 8, 9, 10 and 22 which read as follows:

> 8. Solgen's sales agent told Mr. McGair that Solgen would create a design document for his review that would disclose exact system specifications and the price. After creation of the design document, Mr. McGair was told he would be able to decide whether to continue with the project. Solgen's sales agent told Mr. McGair that Solgen would create a design document for his review that would disclose exact system specifications and the price. After creation of the design document, Mr. McGair was told he would be able to decide whether to continue with the project.
>
> 9. In the process of negotiating with Solgen, Mr. McGair electronically signed documents on an iPad the salesperson had brought with him. He was not given paper copies of the documents at any time, or a chance to read and understand what he was signing electronically when the salesperson was at his home. Solgen's door-to-door salesperson told Mr. McGair that the electronic documents he was e-signing would enable a lender to qualify him

DEFENDANT'S MOTION TO DISMISS  
PURSUANT TO Fed. R. Civ. P. (12)(b)(6)    3    Douglas E. McKinley, Jr.  
Attorney At Law  
8350 W Grandridge Blvd, Ste 200-431  
Kennewick, WA 99336  
phone 509-628-0809, fax 509-392-8083

for a loan and continue with the "next steps in the process." Because it took place at his home and not the seller's place of business, the transaction was subject to Oregon's Home Solicitation Sales Act, ORS 83.730.

10. The salesperson told Mr. McGair that he was applying to qualify for a line of credit, but he did not tell Mr. McGair that he was committing himself to the purchase of the system when he e-signed documents on Feb. 4, 2022. Instead, the salesman told him that the dollar amounts in the electronic forms were disclosing the maximum amount he was qualifying to borrow. Unknowingly, he electronically signed a 49-page set of documents that included disclosures he was not given the time or space to read, and a retail installment sales contract that committed him to purchase the solar equipment for $36,218.18, which was financed by a loan made by Verity to Mr. McGair at 3.99%.

22. Solgen engaged in the following actionable misrepresentations or omissions about the nature and qualities of the solar panel equipment sale and loan made to plaintiff in violation of ORS 646.608(e) and (k):

> 1.) Misrepresented that the configuration and price of the solar power system would be quoted to Mr. McGair before he was committed to the purchase or financing, when the documents Solgen had Mr. McGair sign at his door on an iPad actually committed him to the sale and a purchase price of $36,218.18.
>
> 2.) Misrepresented in documents transmitted to Verity that Mr. McGair qualified for membership in the credit union and consented to borrow money from Verity to finance the purchase of the solar equipment when he does not qualify and did not consent.

Based on those facts, Mr. McGair's prayer for relief then cumulatively seeks:

> An order declaring that the Retail Sales Agreement for the solar equipment and the financing agreement with Verity have been cancelled and are void, that Mr. McGair owns the solar equipment free and clear of all liens and encumbrances without further obligation to pay anything to

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO Fed. R. Civ. P. (12)(b)(6)   4   Douglas E. McKinley, Jr.
Attorney At Law
8350 W Grandridge Blvd, Ste 200-431
Kennewick, WA 99336
phone 509-628-0809, fax 509-392-8083

the defendants, actual damages of the amount the creditor claims Mr. McGair owes it plus payments he has made in a minimum amount of $36,218.18 together with prejudgment interest; statutory damages of up to $2000.00, punitive damages, reasonable attorney fees and costs pursuant to 15 USC § 1640(a)(3) and ORS 646.641(2).
.

III.     **Legal Argument.**

    A.     **Standard of Review.**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). "The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully." *Id*. Dismissal is proper where the complaint either "lacks a cognizable legal theory" or "fails to allege sufficient facts to support a cognizable legal theory." *Id*.

Under Oregon law, a contract is not formed absent mutual assent.  "Whether a contract exists is a legal question. *Ken Hood Construction v. Pacific Coast Construction*, 201 Or. App. 568, 577, 120 P.3d 6 (2005), adh'd to as modified on recons., 203 Or. App. 768, 126 P.3d 1254, rev. den., 341 Or. 366, 143 P.3d 239 (2006). A contract does not arise because one party desires it; there must be mutual

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO Fed. R. Civ. P. (12)(b)(6)     5     Douglas E. McKinley, Jr.
Attorney At Law
8350 W Grandridge Blvd, Ste 200-431
Kennewick, WA 99336
phone 509-628-0809, fax 509-392-8083

assent. As we said in *Ken Hood Construction*, "Contract formation requires `a bargain in which there is a manifestation of mutual assent to the exchange and a consideration.' Restatement (Second) of Contracts § 17(1) (1981). `The manifestation of mutual assent to an exchange ordinarily takes the form of an offer or proposal by one party followed by an acceptance by the other party or parties.' *Id*. at § 22(1). Id. at 578, 120 P.3d 6. *Moyer v. Columbia State Bank*, 315 Or. App. 728, 503 P. 3d 472 (2021).

## B.   Under Oregon Law, The Parties Failed To Form A Contract.

Accepting the facts alleged in paragraphs 8, 9, and 10 of the Complaint as true, Plaintiff did not understand that he was signing a contract, he did not intend to sign a contract, and he neither read nor understood the documents that purported to form a contract. Accepting Plaintiff's allegations as true, there was therefore no meeting of the minds, no mutual assent, no consideration, and no acceptance of any offer.  Under Oregon law, there was therefore no contract between the Parties. A copy of the contracts Mr. McGair claims not to have signed is attached herewith as Exhibit 1.

Absent a contract between the Parties, there can be no violation of the first claim for relief under the Truth in Lending Act or the third claim for relief, under the Oregon Home Solicitation Sales Act, because the existence of a binding contract is a predicate requirement for a violation under each of these statutes.

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO Fed. R. Civ. P. (12)(b)(6)           6           Douglas E. McKinley, Jr.
Attorney At Law
8350 W Grandridge Blvd, Ste 200-431
Kennewick, WA 99336
phone 509-628-0809, fax 509-392-8083

Plaintiff's state law claims must then also be dismissed, because once the federal claim is dismissed, this Court no longer holds jurisdiction over the state law claims under 28 U.S.C. § 1367.

Finally, the Plaintiff's second claim for relief fails because it fails to articulate facts that give rise to relief under the plaint text of Oregon Unlawful Trade Practices Act. For those reasons, all three of the Plaintiff's claims for relief set forth in the Complaint must be dismissed.

### C. Plaintiff's Truth in Lending Act Claim Should Be Dismissed with Prejudice.

The Truth in Lending Act generally regulates transactions whereby credit is extended to consumers. 15 USC § 1600. Absent an agreement to extend credit, there can be no violation of the Truth in Lending Act. 15 USC § 1602(h) provides that:

> The "term "credit sale" refers to any sale in which the seller is a creditor. The term includes any contract in the form of a bailment or lease if the bailee or lessee contracts to pay as compensation for use a sum substantially equivalent to or in excess of the aggregate value of the property and services involved and it is agreed that the bailee or lessee will become, or for no other or a nominal consideration has the option to become, the owner of the property upon full compliance with his obligations under the contract."

According to the Plaintiff, there was no "sale," no "credit sale," no "contract" nor was there any other form of agreement whereby Plaintiff was obligated to pay anyone anything, much less installment payments with interest. Given that, Plaintiff must have thought it odd when sometime after his meeting with Solgen's salesperson Solgen's construction team showed up at his house and

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO Fed. R. Civ. P. (12)(b)(6)     7     Douglas E. McKinley, Jr.
Attorney At Law
8350 W Grandridge Blvd, Ste 200-431
Kennewick, WA 99336
phone 509-628-0809, fax 509-392-8083

began installing a solar system.  McGair would have the Court believe that despite the fact that he did not understand that he had entered into a contract for installation of a solar system,  he nevertheless allowed a construction crew into his house and up on his roof while he stood by silently and said nothing while they did exactly that. Accepting those facts as true, such installation would still not spontaneously generate a "credit sale" or any obligation to make payments.  At best, Solgen would have a claim against Plaintiff in quantum meruit or unjust enrichment for the value of whatever system Solgen installed, while McGair sat silently and idly by.  However, once the Plaintiffs' allegations are accepted as true, there can be no "credit sale" that would trigger the protections of the Truth in Lending Act.  Accordingly, Plaintiff's first cause of action must be dismissed.

Plaintiff's state law claims must then also be dismissed, because once the federal claim is dismissed, this Court no longer holds jurisdiction over the state law claims under 28 U.S.C. § 1367.

### D. Plaintiff's Unlawful Trade Practices Act Claim Should be Dismissed with Prejudice.

Plaintiff's Complaint offers two factual allegations which Plaintiff contends violate ORS 646.608(e) and (k).   Plaintiff contends that Solgen:

> 1.) Misrepresented that the configuration and price of the solar power system would be quoted to Mr. McGair before he was committed to the purchase or financing, when the documents Solgen had Mr. McGair sign at his door on an iPad actually committed him to the sale and a purchase price of $36,218.18.

And that Solgen:

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO Fed. R. Civ. P. (12)(b)(6)            8            Douglas E. McKinley, Jr.
                                                                Attorney At Law
                                                          8350 W Grandridge Blvd, Ste 200-431
                                                                Kennewick, WA 99336
                                                       phone 509-628-0809, fax 509-392-8083

> 2.) Misrepresented in documents transmitted to Verity that Mr. McGair qualified for membership in the credit union and consented to borrow money from Verity to finance the purchase of the solar equipment when he does not qualify and did not consent. (Complaint ¶ 22)

ORS 646.608(1)(e) recites that

> A person engages in an unlawful practice if in the course of the person's business, vocation or occupation the person does any of the following: (e) Represents that real estate, goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that the real estate, goods or services do not have or that a person has a sponsorship, approval, status, qualification, affiliation, or connection that the person does not have.

ORS 646.608(1)(k) recites that

> A person engages in an unlawful practice if in the course of the person's business, vocation or occupation the person does any of the following: (k) Makes false or misleading representations concerning credit availability or the nature of the transaction or obligation incurred.

The first alleged misrepresentation cannot logically provide a basis for relief under ORS 646.608(1)(e) because the allegation, that Solgen "misrepresented that the configuration and price of the solar power system would be quoted to Mr. McGair before he was committed to the purchase or financing" is not an act prohibited under ORS 646.608(1)(e) or (k).

ORS 646.608(1)(e) prohibits false representations related to "sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities." Even if true, the allegation that "the configuration and price of the solar power system would be quoted to Mr. McGair before he was committed to the purchase or

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO Fed. R. Civ. P. (12)(b)(6)       9       Douglas E. McKinley, Jr.
                                                      Attorney At Law
                                              8350 W Grandridge Blvd, Ste 200-431
                                                      Kennewick, WA 99336
                                              phone 509-628-0809, fax 509-392-8083

financing" is not a representation concerning "sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities." ORS 646.608(1)(e) simply does not apply to Mr. McGair's first alleged misrepresentation.

ORS 646.608(1) (k) prohibits "false or misleading representations concerning credit availability or the nature of the transaction or obligation incurred." But, according to Plaintiff, there was no "transaction or obligation incurred." As such, there logically could be no misrepresentation "concerning credit availability" and therefore no violation of ORS 646.608(1) (k).

Mr. McGair's second alleged misrepresentation also cannot provide a basis for relief under ORS 646.608(1)(e) or (k) because the allegation, that Solgen "misrepresented in documents transmitted to Verity that Mr. McGair qualified for membership in the credit union and consented to borrow money from Verity to finance the purchase of the solar equipment" is also not an act prohibited under ORS 646.608(1)(e) or (k).

Again, ORS 646.608(1)(e) prohibits false representations related to "sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities." Even if true, the allegation that Solgen "misrepresented in documents transmitted to Verity that Mr. McGair qualified for membership in the credit union and consented to borrow money from Verity to finance the purchase of the solar equipment" this is not a representation concerning "sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities."

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO Fed. R. Civ. P. (12)(b)(6)                10                Douglas E. McKinley, Jr.
                                                                                            Attorney At Law
                                                                            8350 W Grandridge Blvd, Ste 200-431
                                                                                            Kennewick, WA 99336
                                                                            phone 509-628-0809, fax 509-392-8083

Again, ORS 646.608(1) (k) prohibits "false or misleading representations concerning credit availability or the nature of the transaction or obligation incurred." But, according to Plaintiff, there was no "transaction or obligation incurred," because even if one assumes that Solgen "misrepresented in documents transmitted to Verity that Mr. McGair qualified for membership in the credit union and consented to borrow money from Verity," Plaintiff "did not qualify and did not consent," so there was no "transaction or obligation incurred."

Notably, even if assuming the opposite of the facts alleged by Mr. McGair, there still cannot then be a misrepresentation "concerning credit availability." Even if the Court concludes the factual assertions in Mr. McGair's Complaint are lies, that Mr. McGair actually did knowingly sign up to both buy the solar system and to finance it through Verity Credit Union as plainly shown in the documents he signed, and that a credit transaction did, in fact, actually happen, then there still was no misrepresentation because Mr. McGair did, in fact, qualify for credit. If Mr. McGair joined the credit union and Verity made him the loan, there is no misrepresentation "concerning credit availability."

Accordingly, Plaintiff's second cause of action under the UTPA should also be dismissed.

### E.     Plaintiff's Oregon Home Solicitation Sales Act Claim Should Be Dismissed With Prejudice.

Obligations under Oregon's Home Solicitation Sales Act, ORS 83.730 spring forth only when a contract is formed. ORS 83.730(1) provides:

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO Fed. R. Civ. P. (12)(b)(6)        11        Douglas E. McKinley, Jr.
                                                                                                                                Attorney At Law
                                                                                                                      8350 W Grandridge Blvd, Ste 200-431
                                                                                                                                Kennewick, WA 99336
                                                                                                                phone 509-628-0809, fax 509-392-8083

> "A home solicitation sale must be evidenced by a written agreement or offer to purchase signed by the buyer. At the time a buyer executes the written agreement or offer to purchase:
> (a) The seller must furnish the buyer with a fully completed copy of the written agreement or offer to purchase.
> (b) The written agreement or offer to purchase must…"

On the face of the statute, absent an agreement, there can be no violation of Oregon's Home Solicitation Sales Act. Mr. McGair alleges there is no binding written agreement. So be it. His claim for relief under Oregon's Home Solicitation Sales Act thus fails, and should therefore be dismissed.

### F.    The Law Does Not Support The Remedies In The Prayer

Collectively, Mr. McGair is asking the Court to declare that Mr. McGair owns the solar equipment free and clear without any further obligation to pay anything to the defendants, "actual damages" of $36,218.18 plus payments he has made together with prejudgment interest; statutory damages of up to $2000.00, punitive damages, reasonable attorney fees and costs pursuant to 15 USC § 1640(a)(3) and ORS 646.641(2). The statutes do not support Mr. McGair's prayer for relief.

At best, he could be awarded the solar equipment free and clear, the payments he has made together with prejudgment interest; statutory damages of up to $2000.00, punitive damages, and reasonable attorney fees and costs pursuant to 15 USC § 1640(a)(3) and ORS 646.641(2). Under no scenario is he entitled to $36,218.18 on top of that. The Defendants respectfully request that the Court

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO Fed. R. Civ. P. (12)(b)(6)                12                Douglas E. McKinley, Jr.
                                                                                                Attorney At Law
                                                                                8350 W Grandridge Blvd, Ste 200-431
                                                                                                Kennewick, WA 99336
                                                                            phone 509-628-0809, fax 509-392-8083

strike Mr. McGair's request $36,218.18 on top of a free solar system and all other damages as none of the statutes in Mr. McGair's complaint support such an award.

## IV.     Conclusion.

For the reasons set forth herein, the Defendants respectfully request an order:

1) Dismissing Mr. McGair's first, second and third causes of action; and if any are not dismissed,
2) Striking Mr. McGair's prayer for $36,218.18 in addition to the free solar system and other damages set forth in Mr. McGair's complaint, as the relevant statutes do not support such an award.

DATED: May 19, 2023.

By:   */s/ Douglas E. McKinley, Jr.*
DOUGLAS E. MCKINLEY, JR., *Pro Hac Vice*
8350 W Grandridge Blvd Ste 200-431
Kennewick, WA 99336
doug@mckinleylaw.com
phone 509-628-0809
fax 509-392-8083

*/s/ Christopher R. Blodgett*
CHRISTOPHER R. BLODGETT,
OSB No. 226732
Leavy Schultz Davis
2415 W Falls Ave
Kennewick, WA 99336
cblodgett@tricitylaw.com
phone 509-736-1330
fax 509-736-1580
Attorneys for Defendants
SOLGEN POWER LLC
VERITY CREDIT UNION

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO Fed. R. Civ. P. (12)(b)(6)          13          Douglas E. McKinley, Jr.
Attorney At Law
8350 W Grandridge Blvd, Ste 200-431
Kennewick, WA 99336
phone 509-628-0809, fax 509-392-8083

CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Hope Del Carlo,
ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
hope@elemental.law

                        By:     /s/ Douglas E. McKinley, Jr.
                              DOUGLAS E. MCKINLEY, JR., *Pro Hac Vice*
                              8350 W Grandridge Blvd Ste 200-431
                              Kennewick, WA 99336
                              doug@mckinleylaw.com
                              phone 509-628-0809
                              fax 509-392-8083

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO Fed. R. Civ. P. (12)(b)(6)        14        Douglas E. McKinley, Jr.
                                                        Attorney At Law
                                       8350 W Grandridge Blvd, Ste 200-431
                                                     Kennewick, WA 99336
                                  phone 509-628-0809, fax 509-392-8083